(No. 20332.—

WARREN T. BERG *et al.* Plaintiffs in Error, *vs.* WILLIAM W. BROWN *et al.* Defendants in Error.

*Opinion filed February 18, 1931.*

WILLIAM BIESTER, for plaintiffs in error.

P. H. O'DONNELL, and W. C. DEWOLF, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Warren T. Berg and Ethel Berg, plaintiffs in error, have sued out a writ of error to review a decree of the circuit court of Boone county dismissing for want of equity their bill against the Peoples Bank of Belvidere and sixty-four other defendants for partition of certain lands in Boone county.

By their bill plaintiffs in error represented that Frank Berg, now deceased, was in his lifetime the owner of an undivided 150/344's part of a farm of 231½ acres as a tenant in common with Patrick J. Conley, (also known as P. J. Conley,) Veva King and the Peoples Bank of Belvidere; that on March 1, 1920, William W. Brown was the owner of all of said real estate, and he and his wife executed their promissory notes dated March 1, 1920, aggregating the sum of $34,400, and to secure the payment thereof executed their trust deed to George M. Marshall, as trustee; that on March 3, 1926, Conley owned $4400 of said notes, Veva King $5000, the Peoples Bank of Belvidere $10,000 and Berg $15,000, and on March 3, 1926, Conley, King and Berg delivered their notes to the Peoples Bank; that Brown and his wife on March 4, 1926, executed their quit-claim deed of all of said real estate to the Peoples Bank; that said bank is a banking corporation organized under the laws of Illinois for the purpose of discount and deposit, buying and selling exchange and doing a general banking business, but that it has not qualified under the laws of the State to be appointed trustee by deed of real estate to act as trustee of such real estate and execute a trust of such real estate, nor, in acting or attempting to act as such trustee, to sell, give deed to, lease or collect rents

from or to manage any such real estate; that as such banking corporation the Peoples Bank has no power to carry in its assets any real estate to which it may obtain title, except its banking house, for a period of more than five years after acquiring title to the same; that on the delivery of the notes to the Peoples Bank, Conley, King, said bank and Berg executed an agreement in writing as follows:

"Whereas William W. Brown and Mae Brown heretofore signed and delivered certain notes aggregating the sum of $34,400 principal now remaining unpaid, and to secure said notes, executed a certain trust deed to one George M. Marshall, as trustee, which notes all dated March 1, 1920, are now owned in the following amounts by the following named parties, to-wit: P. J. Conley, $4400, Veva King, $5000, the Peoples Bank of Belvidere, Illinois, $10,000, Frank Berg, $15,000; and whereas, said William W. Brown and Mae Brown are about to convey the premises mentioned in said trust deeds to said the Peoples Bank of Belvidere, Illinois:

"Now this memorandum witnesseth that said bank in so taking title to said property takes it for the benefit of all of the parties above mentioned and in the proportions represented by the amounts due them respectively upon their said notes, and in accounting for said real estate, or the proceeds from the sale thereof, or of any rents arising therefrom, said bank shall account to said parties in the proportions aforesaid out of the net proceeds derived from or arising in any manner out of said property.

"The said the Peoples Bank hereby acknowledges receipt from each of said parties respectively of the notes aforesaid, which notes said bank shall hold until the completion of the above undertaking to be performed on its part.

"Dated this 3rd day of March, 1926.

THE PEOPLES BANK OF BELVIDERE,
Frank S. Whitman, *Pres.*
VEVA KING,
P. J. CONLEY,
FRANK BERG."

The bill further represents that on August 1, 1927, the Peoples Bank executed its warranty deed, for the ample consideration of $750, to Lewis R. Hawkey of two and one-half acres of the real estate; that none of the note holders have at any time objected to such conveyance; that Berg died September 1, 1927, intestate, leaving heirs named in the bill;

that Conley died June 27, 1927, intestate, leaving Maude C. Winter, his daughter, his only heir; that William G. Johnston is administrator of his estate; that his estate is amply sufficient to pay everything against it without resort to the premises sought to be partitioned; that Veva King died December 26, 1929, and left surviving as her only heirs her mother, Anna R. King, and her sister, Cora Swain; that Anna R. King is executrix of the will of Veva King; that Veva's interest in the premises goes to Anna R. King; that the trust deed was released and discharged of record in the recorder's office of Boone county by George M. Marshall on August 1, 1927; that in the spring of 1926, after the execution of the deed by William W. and Mae Brown, Brown accepted a lease of all of the premises so conveyed by him to the Peoples Bank for one year, and thereafter, after the end of such leasing, the Browns moved off the real estate, abandoned the same and forever thereafter disclaimed all ownership in the same, and said notes were in fact paid by the conveyance of the Browns to the Peoples Bank; that said premises after the deed to Hawkey were managed, controlled and taxes paid by the bank; that a lease has been made to Thomas Meyer, who is now in possession of the premises, to continue in force to March 1, 1932; that Berg died September 21, 1927, intestate; that he left surviving him Renilde Pauline Berg, his widow, and left surviving him no child or children nor descendant or descendants of any deceased child or children, nor father or mother; that Berg was an uncle of complainants; that the matter of the transfer of the title of the real estate to the Peoples Bank and the making of the memorandum above copied was not known to complainants until the summer of 1929, when it became also first known to them that Renilde Pauline Berg, as administratrix of the estate of Frank Berg, was treating the interest of Berg in the real estate as personal property, and was endeavoring, as widow, to take all such interest to herself in the distribution of the estate; that the

bank in leasing the real estate acted as trustee for itself and for the other former note owners and after their death for their heirs and devisees, but at no time has it rendered any account concerning its management of the premises to complainants; that it has claimed, without definite limit as to time, the right to sell the premises, fix the price, time of payment and terms of such sale and to execute a deed of the premises to a purchaser or purchasers thereof without consent or permission from anyone; that in addition to the execution of the memorandum copied above, it was agreed among the three note owners (King, Conley and Berg) and the bank that in case of a sale of the real estate the same should be sold at a price agreeable to all four of said note owners and on terms agreeable to all of them; that the bank in attempting to act as trustee for the interests of the three note holders in the management of the real estate has exceeded its corporate powers and all its acts as such trustee are wholly void; that for nearly four years the bank in its management has wastefully allowed the land to deteriorate in its fertility and become robbed and depleted of its crop-bearing minerals and other elements and allowed it to become foul with weeds; that the buildings on the land, consisting of a dwelling house, a large barn, corn-crib, wagon sheds, hog house, etc., have all been allowed to unnecessarily and wastefully become out of repair, the roof on the house has been allowed to become leaky and the decorations of the house to become largely dilapidated and ruined, and that by its mismanagement of the premises has caused the same to depreciate in amount of $3000; that no reason exists why the premises should be held together any longer in tenancy in common. The bill then sets out the names of the Berg heirs, who are all made parties to the suit, and alleges that the personal estate of Berg is more than amply sufficient to pay all charges against his estate; that Berg's widow would take one-half of all the real estate in fee simple as the widow and would have

a dower interest in the remaining one-half; that she duly filed waiver of her dower rights and takes in fee simple an equal two-thirds in the premises as tenant in common with all the other heirs of Berg's estate; that she became seized of 150/344's of the premises together with the other heirs of Berg; that she became seized of an equal undivided 25930/38880's part of said 150/344's part; that of other tenants in common, Maude C. Winter owned 44/344's part, Veva King 50/344's part, (now owned by Anna R. King,) and the Peoples Bank 100/344's part of the premises. The bill prayed for partition of the premises and that the trust exercised by the bank be declared null and void and terminated and the title held by the trustee be vested in the heirs and devisees of Berg, Conley and King and the bank, as tenants in common entitled in fee simple to the respective shares and interests as set forth in the bill.

Renilde Pauline Berg, as widow of and administratrix of the estate of Frank Berg, deceased, Maude C. Winter and William G. Johnston as administrator of the estate of Patrick J. Conley, deceased, filed an answer and cross-bill, claiming the farm to be personal property and asking to have conferred upon the bank power to act as trustee and to control and convey the farm. The Peoples Bank, and Anna R. King as an individual and as administratrix of the estate of Veva King, also answered, and filed a cross-bill alleging that the farm was real estate, that there existed an agreement not to partition, and that power should by decree be conferred on the bank, as trustee, to control and sell the farm without interference. After the foregoing answers and cross-bills were filed, the widow and those with her withdrew their answer and cross-bill and filed a general demurrer to complainant's bill, which was sustained and the bill dismissed for want of equity, not merely as to the demurrants but as to all the defendants in the case.

The decree not only dismissed the bill for want of equity at the complainants' costs but provided that Renilde Pauline

Berg have and receive the note of $15,000 as and for her own property and as personal estate of Berg, and that the right to the land described in this decree shall remain in the Peoples Bank for the benefit of the holders of the notes described in the memorandum or contract hereinabove set forth, with the right to control and sell and convey the premises in accordance with the agreement.

The demurrer admitted all the allegations of the bill properly pleaded to be true. The only question therefore is, Does the bill of complaint on its face show a good cause of action in plaintiffs in error? According to the bill, when the bank took title to the premises it did not take it for itself, alone, but for the benefit, also, of Conley, King and Berg. By the transaction the indebtedness from Brown to the bank, Conley, King and Berg was extinguished. The purchase money was not furnished by the bank alone. It only furnished 100/344's, Conley furnished 44/344's, King 50/344's and Berg 150/344's. The contribution of each of the parties to the purchase price was for some distinct interest or definite part of the estate. Their property was invested in the land, and by mere operation of law a trust was raised in favor of Conley, King and Berg to their equivalent portions of the land. (*Brooks* v. *Gretz,* 323 Ill. 161; *Frewin* v. *Stark,* 319 id. 35; *Bruce* v. *Roney,* 18 id. 67.) The interest of the respective parties was an interest in real estate and Berg's interest descended to his heirs, and under the allegations of the bill plaintiffs in error are entitled to a partition of the land, or to a judicial sale if partition cannot be made.

The decree of the circuit court must therefore be reversed and the cause remanded, with directions to vacate the decree and enter an order overruling the demurrer.

*Reversed and remanded, with directions.*